IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHARLES L. TEMPLE, an individual, | ) |
|                          Plaintiff, | )    Case No. 18-CV-24-SPS |
| v. | )    JURY TRIAL DEMANDED |
| 1. C & C TRANSPORTATION, INC., a Domestic corporation, | )    ATTORNEY'S LIEN CLAIMED FOR THE FIRM |
|                          Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Charles L. Temple ("Plaintiff"), by and through his attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C., and brings this action for age discrimination pursuant to the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §§ 1101, *et seq.* and for failure to page all wages due under the Oklahoma Protection of Labor Act ("OPLA"), 40 Okla. Stat. Ann. §§ 165.1, *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332.

2. Declaratory and equitable relief are sought pursuant to the OADA and the OPLA.

3. Costs and attorneys' fees may be awarded as an element of Plaintiff's damages pursuant to the OADA and the OPLA.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391(b)(2), because the unlawful employment practices alleged herein arose in this judicial district.

1

5. Plaintiff is a resident of the State of Arkansas, residing in Arkadelphia, Clark County, Arkansas.

6. Defendant is a domestic corporation with its principle office in Checotah, McIntosh County, Oklahoma.

7. The acts and/or omissions giving rise to this lawsuit occurred in McIntosh County, State of Oklahoma.

8. In conformance with the OADA's statutory prerequisites, Plaintiff submitted pre-charge information to the Oklahoma Office of Civil Rights Enforcement ("OCRE"). Subsequently, Plaintiff submitted a Charge of Discrimination to the OCRE. The OCRE completed its investigation and the United States Equal Employment Opportunity Commission mailed a Notice of Right to Sue to Plaintiff on October 18, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein). Plaintiff received a copy of the Notice of Right to Sue on October 21, 2017 and instituted this action within 90 days of her receipt thereof.

9. Defendant is an employer as defined by the OADA, Okla. Stat. tit. 25, § 1301(1), in that it was a legal entity, institution or organization that paid one or more individuals a salary or wages for work performed.

10. Plaintiff was at all times relevant hereto an employee as defined by the OADA, Okla. Stat. tit. 25, § 1301(8) in that he was to receive salary or wages from an employer.

11. Defendant is an employer as defined by the OPLA, Okla. Stat. tit. 40, § 165.1(1) in that it is an individual, partnership, firm, association or corporation employing any person in this state.

12. Plaintiff was an employee as defined by the OPLA, Okla. Stat. tit. 40, § 165.1(2) in that he was a person permitted to work by an employer.

## OPERATIVE FACTS

13. Plaintiff was hired by Defendant in November of 2015 as driver.

14. Plaintiff was sent out to deliver loads with another driver, Ray Burnett, on November 18-19, 2015.

15. On November 20, 2015, Ray Burnett arrived at Plaintiff's home and informed him that Plaintiff no longer had a job with Defendant as he was "too damn old to work."

16. Plaintiff, after making demand for payment of his wages, was not compensated for the work he performed for Defendant on November 18-19, 2015.

17. Plaintiff was discriminated against due to his age, in violation of the OADA when he was terminated on November 20, 2015.

18. Alternatively, Defendant failed to hire Plaintiff due to his age, in violation of the OADA, when it refused to permit Plaintiff to work beyond November 19, 2015.

19. Plaintiff was not paid in full for the work he performed on November 19-20, 2015, in violation of the OPLA.

## FIRST CLAIM
## (AGE DISCRIMINATION IN VIOLATION OF THE OADA)

20. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state, as follows:

21. That as a member of a protected class, to wit: an employee over forty (40) years of age, Plaintiff is protected from age discrimination by the OADA;

22. That the disparate treatment of Plaintiff by Defendant and its agents and/or employees was a direct result of discrimination on the basis of his age, as prohibited by the OADA;

23. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on his age, as prohibited by the OADA;

24. That Defendant ratified the acts of their agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

25. That the conduct complained of constitutes illegal age discrimination in violation of the OADA.

## SECOND CLAIM
### (Failure to pay all wages due in violation of the OPLA)

26. Plaintiff incorporates and re-alleges the foregoing paragraph as though fully set forth herein and would further state, as follows:

27. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et seq.* required an employer to pay all wages due, other than to "exempt employees."

28. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et seq.* defined an exempt employee as "management level employees except under the provisions of Section 213 of the FLSA, 29 U.S.C. § 213, from the provisions of Section 206 and 207 of said Act."

29. At all times relevant to this cause of action, Plaintiff was not considered exempt from the 40 Okla. Stat. Ann. §§ 165.1, *et seq.* wage requirements.

30. Defendant failed to fully compensate Plaintiff for the days he worked on November 18th and 19th, 2015.

31. The aforementioned failure is in direct violation of the OPLA.

32. As a direct and proximate result of Defendant's willful violation of the OPLA, Plaintiff has suffered, and continues to suffer, loss of income.

33. Pursuant to the OPLA, Plaintiff is eligible to recover liquidated damages for Defendant's failure to pay all wages due, interest on those lost wages, cost and fees of any nature, and reasonable attorney's fees for bringing this action.

4

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $75,000.00 to compensate Plaintiff for his lost and unpaid wages, liquidated damages equal to Plaintiff's lost and unpaid wages, and attorney's fees; (4) enter a judgment awarding the costs and interest to Plaintiff as provided for by applicable law; (5) award Plaintiff reinstatement or hiring, or front pay in lieu thereof; and (6) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *Telephone*
(918) 583-1755 – *Facsimile*
cvaught@a-vlaw.com
***Attorney for Plaintiff***